IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


THOMAS C. OBRYANT,

    Plaintiff,

vs.                                                                         CASE NO. 5:04cv114-SPM/AK

JAMES MCDONOUGH, et al.,

    Defendants.

_____/

**O R D E R**

    Presently before the Court in the above entitled action is Plaintiff's Motion to Expedite a ruling on a pending motion to dismiss. (Doc. 60). Plaintiff is correct that the motion to dismiss (doc. 56) has been pending since August 2007, and the Court is currently investigating what occurred with the electronic docketing in this case that has failed to show this motion pending on reports which should have reflected its filing. Nonetheless, the Court will make its determination as to the merits of the motion in due course, and as such the motion to expedite (doc. 56) is **GRANTED.**

    However, some preliminary matters must be addressed. In support of their motion to dismiss, Defendants have submitted matters outside the pleadings which they want the Court to consider in determining whether dismissal of this case is warranted. (Doc. 56).

    In reviewing this case, the Court anticipates considering the matters which have been attached by Defendants to the motion to dismiss. Thus, under Rule 12(b), Federal

Rules of Civil Procedure, the motion to dismiss will be converted into a Rule 56 motion for summary judgment.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985).  This requires that the Court give express 10 day notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default;  *i.e.*, the fact that final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits.  *Id.*  This order is entered in compliance with Brown and Griffith.

Although Plaintiff has responded to the motion, the law requires that he be given this notice and an opportunity to come forward with evidentiary materials as well. Plaintiff is advised that in opposing the motion he is the nonmoving party, and as Plaintiff he bears the burden of proof.  In this situation, Defendant need not negate Plaintiff's claim.  Rather, the burden on a defendant moving for summary judgment is to demonstrate an absence of evidence to support the plaintiff's case. Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).  In opposition, Plaintiff must come forward with **evidentiary material** demonstrating a genuine issue of fact for trial.  Reliance on the pleadings is inadequate. 477 U.S. at 324.  Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e).  Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth

such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(e).

The Court will take the newly converted motion for summary judgment under advisement on **June 2, 2008.** Although Plaintiff has already filed a response, he is herein advised that he may file another response with evidentiary materials if he so desires, but must file such response **on or before June 2, 2008.**

Accordingly, it is **ORDERED:**

1.  The parties are advised that the motion to dismiss (doc. 56) will be converted to a motion for summary judgment and considered under the applicable standards for such motions as outlined in this Order.

2.  That the motion will be taken under advisement on **June 2, 2008,** and a report and recommendation will be entered after that date.  Plaintiff must submit any additional material in opposition to summary judgment before that date.

3.  That Plaintiff's motion to expedite (doc. 60) is **GRANTED**, insofar as the Court will consider rule upon the motion to dismiss on or after June 2, 2008.

**DONE AND ORDERED** this   *1st*   day of May, 2008.


                              *s/ A. KORNBLUM*
                              **ALLAN KORNBLUM**
                              **UNITED STATES MAGISTRATE JUDGE**