**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

THOMAS O'BRYANT,

        Plaintiff,

vs.                                  CASE NO.: 5:04cv114-SPM/AK

JAMES MCDONOUGH, et al,

        Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon the Magistrate Judge's Report and

Recommendation (doc. 68).  Plaintiff has been furnished a copy and has filed

objections (doc. 69).  Pursuant to Title 28, United States Code, Section 636(b)(1), I

have made a *de novo* determination of those portions of the Report and

Recommendation to which an objection has been made.

The Prison Litigation Reform Act ("PLRA") at 42 U.S.C. § 1997e requires

exhaustion of administrative remedies before a case can be filed in court.  "[A] suit

filed by a prisoner before administrative remedies have been exhausted must be

dismissed; the district court lacks discretion to resolve the claim on the merits, even if

the prisoner exhausts intra-prison remedies before judgment."  Perez v. Wisonsin

Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999).  The Supreme Court has

referred to exhaustion as the "centerpiece" of the PLRA, and has cited with approval

the Eleventh Circuit's position that exhaustion is a mandatory provision, "no longer

left to the discretion of the district court," and that a prisoner must complete the

process as the institution requires, including appeals.  Woodford v. Ngo, 548 U.S. 81,

83 (2006).

The issue in this case, however, is what constitutes exhaustion.  Magistrate

Judge Kornblum concluded Plaintiff has not exhausted his administrative remedies

because Plaintiff is now arguing a claim that is different than the issue initially

addressed in his administrative grievances.  Plaintiff's grievance was denied based

on the application of Florida Administrative Code 33-607.207.  Plaintiff never clarified

that the rule should not apply to him because he was not seeking compensation.

Instead, he refused to answer all four of the warden's questions regarding Plaintiff's

initial request to mail out his manuscripts to publishers.  Judge Kornblum concluded

that this refusal to answer constituted a refusal to cooperate in the grievance process,

which in turn constitutes a failure to exhaust the administrative remedies available to

Plaintiff.

In Plaintiff's first objection, he argues that Judge Kornblum is in error because

he made no reference to the May 24, 2004 Central Office's decision to approve

Plaintiff's grievance.  It is true that in Judge Kornblum's long list of documents

referred to in the Report and Recommendation, he did not expressly mention this

particular correspondence from the Central Office.  However, that correspondence

was referred to (doc. 68. p. 8, 9) and was considered as part of the full panoply of

relevant facts in this case.  The omission of specific reference to that correspondence

does not overcome the conclusion that Plaintiff has not exhausted his administrative

remedies.  Plaintiff's ongoing correspondence between the administrators of the

Department of Correction is not the only requirement to satisfy the exhaustion

requirement.  The correspondence must be related to the singular issue in

contention, which in this case was whether Plaintiff was going to receive

compensation for the manuscript so as to warrant application of Florida

Administrative Code 33-607.207.

In his next objection, Plaintiff argues that Judge Kornblum improperly assumed

that the old and new versions of Rule 33-602.207 were similar enough that the

revision does not pose an impediment to the application of the rule in this case.

However, Judge Kornblum's purpose in referring to the amended version of the rule

instead of the one in place at the time of Plaintiff's initial request was to demonstrate

that Plaintiff was on notice that the issue for which Plaintiff was grieving was an issue

of compensation.  Regardless of whether Judge Kornblum applied the old rule that

was in place at the time of Plaintiff's request or the new rule as amended in 2005,

Plaintiff was on notice (under both the amended rule and the old rule) that the rule

applied to profit-generating activities and that compensation was indeed an issue,

even if the word "compensation" was not specifically used in the four questions asked

by the warden.

"Congress enacted the PLRA, in part, to reduce the quantity and improve the

quality of prisoner suits and to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  Bryant v. Rich, 530 F.3d 1368, 1381 (11th Cir.  2008) (internal quotations and citations omitted).  Similar to the requirements of the exhaustion of administrative remedies in Title VII cases, creation of an administrative grievance process in prison serves to promote cooperation and voluntary compliance with federal law.  See id. See also Woodford, 548 U.S. at 93 (stating that one of the purposes of the PLRA is "to eliminate unwarranted federal-court interference with the administration of prisons").  Plaintiff's refusal to cooperate with the grievance process by refusing to answer all of the questions put to him by the warden constitute a failure to adhere to the purpose of the exhaustion requirement.  This Court will not allow Plaintiff to obstinately refuse to answer questions of clarification and then claim that he was cooperating.  It is impossible for prison administrators to have an opportunity to internally address Plaintiff's complaints when Plaintiff shifts the issue incorporated in his grievance.  Plaintiff never fully exhausted the administrative remedies on the issue of compensation and therefore whether Rule 33-607.207 should be applicable to him.  Plaintiff could have easily addressed the question of whether he was going to receive compensation from the submission and possible publication of his manuscript.  He chose not to.  This decision was in violation of the stated purposes of the grievance process.

The exhaustion of administrative remedies is issue-specific.  Otherwise, the

administrators will not have a full and fair opportunity to resolve Plaintiff's concerns

before Plaintiff reaches out to use the resources of the federal judiciary.  Plaintiff has

attempted to confuse the issues raised in his grievance process.  Complete

exhaustion of administrative remedies requires full cooperation of the Plaintiff in the

grievance process and a full resolution of the singular issue at hand.  None of

Plaintiff's objections to the Report and Recommendation respond to and resolve that

issue.  As stated by Judge Kornblum, Plaintiff's attempts to hinder the grievance

process by confusing the issues "does not further the basic purpose of the grievance

process as stated in the state regulations nor does it constitute exhaustion as

required by federal law."

  Accordingly, it is hereby ORDERED as follows:

1. The  Magistrate Judge's  Report and Recommendation (doc. 68) is

*adopted and incorporated* by reference in this order.

2. This case is *dismissed* pursuant to 42 U.S.C. § 1997 for failure to state

a claim due to Plaintiff's failure to exhaust his administrative remedies.

DONE AND ORDERED this <u>sixteenth</u> day of October, 2008.


   *s/ Stephan P. Mickle*

   Stephan P. Mickle
   United States District Judge